**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANDREW BRESKO | \* |
| | \* |
| PLAINTIFF, | \* |
| | \* |
| v. | \*   Case No:   1:15-cv-00053-WDQ |
| | \* |
| GREEN STREET ENVIRONMENTAL, LLC | \* |
| | \* |
| DEFENDANT | \* |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

The parties to this action jointly seek approval of their settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Since Plaintiff has filed claims under the FLSA, the parties' settlement must be approved by the Court and approval must be entered as a stipulated judgment.

## I.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

An employee may only release claims for wages pursuant to the FLSA under the supervision of the Secretary of Labor or by Court approval. To this end, the parties must file the Settlement Agreement with the Court for review and approval for reasonableness. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Hoffman v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 27329 (D. Md. 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010). This Court considers the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citing *Lomascolo* in rejecting motion which did not address those factors).

The settlement here is a fair and reasonable resolution of the dispute. As to the first factor, while no official discovery has taken place, the parties have had an opportunity to review all records related to Plaintiff's employment and taken into account the difficulty in accurately calculating Plaintiff's exact hours worked each week and exact damages herein.

Defendant strongly asserts that Plaintiff was never entitled to FLSA overtime and instead firmly asserts that Plaintiff was an exempt employee. Further, Defendant would have vigorously disputed the number of hours that Plaintiff claimed to have worked as Defendant's records showed fewer hours worked per week. This legal factual dispute would have forced the case potentially all the way to a trial on the merits because a pretrial determination as to Plaintiff's exemption status or the hours he worked is unlikely due to the existence of disputed material facts.

As to the third factor, in negotiating the Settlement Amount and non-monetary terms, the parties engaged in arms-length and good-faith negotiations. There was no fraud in the agreement. Prior to the settlement, Plaintiff was given an opportunity to review all relevant documents relating to his wage claim, considered the potential value of his claims, strongly considered the strength of Defendant's defenses, and concluded that the proposed settlement provides a fair and reasonable resolution of his claims. Defendant supports this result because it eliminates the uncertainties and risks of further litigation.

As to the fourth factor, Plaintiff's counsel has extensive experience in investigating, litigating, and settling FLSA claims. Zipin, Amster & Greenberg, LLC has litigated numerous

FLSA claims in this Court, the United States District Courts for Virginia, and the District Court for the District of Columbia. Plaintiff's counsel are well equipped to advise, and have advised, Plaintiff as to the suitability of the settlement proposed by the parties to this case.

The fifth factor is not relevant here as this matter was never styled as a class or collective action. Plaintiff has settled only his claim against Defendant. Plaintiff is not aware of any similarly situated individuals. Further, Plaintiff's settlement has no effect on the potential claims of any current or former employee of Defendant.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.* The parties took into account the possibility that a finder of fact may determine that Defendant properly classified Plaintiff as exempt; the possibility, even if liability were found, any violation of the FLSA may be found to have been made in good faith and not to be willful; and the uncertainty and risks in litigation, including the Court's eventual determination as to how many hours Plaintiff worked in a given workweek; the costs that each party will incur if the litigation continues.

Moreover, Plaintiff understands that, by entering into the Settlement Agreement, and in consideration of the promises made by the Defendant as set forth therein, Plaintiff is agreeing (i) to dismiss his lawsuit with prejudice; and, furthermore (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that she may have had under the FLSA or otherwise in connection with Plaintiff's employment prior to the date of the Settlement Agreement. Plaintiff acknowledges his decision to settle the lawsuit is voluntarily

made of his own accord, without any pressure, coercion or undue influence by anyone. To ensure that the parties' Settlement Agreement is valid and enforceable, the parties jointly present the attached Settlement Agreement for the Court's review and approval.

## II. CONCLUSION

Therefore, the parties jointly request that this Court approve their Settlement Agreement as fair and reasonable, and enter an order of dismissal with prejudice and stipulated judgment pursuant to the terms of the Settlement Agreement. Moreover, in an effort to avoid additional attorney's fees and costs on both sides, and to expedite the finality of the settlement, the parties jointly request this Court approve this settlement without the need for a hearing.

Respectfully submitted

/s/ Gregg Greenberg
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
Counsel for Plaintiff
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373
Fax: (301) 587-9397
ggreenberg@zagfirm.com

*Counsel for Plaintiff*

/s/ Neil E. Duke
Neil E. Duke (Fed Bar No. 14073)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
100 Light Street
Baltimore, MD  21202-1643
(410) 347-7398
(443) 263-7598 – Fax
neduke@ober.com

*Counsel for Defendant*