## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is entered into this 2nd day of April 2015 (the "Effective Date") by and between Green Street Environmental, LLC, including its subsidiaries, corporate parents, other affiliates, and any and all successors and assigns ("Green Street"), and Andrew Bresko ("Bresko"). Green Street and Bresko are each a "Party" and are collectively referred to as the "Parties."

WHEREAS, Bresko and Green Street are presently parties to litigation captioned *Andrew Bresko v. Green Street Enviornmental, LLC*, Case No. 1:15-cv-00053-WDQ, filed in the United States District Court of District of Maryland (the "Lawsuit"), which alleges that Green Street owes Bresko certain money or compensation for services he performed for Green Street and expenses incurred;

WHEREAS, Green Street denies any liability in the Lawsuit; and

WHEREAS, without admission of liability by any Party, the Parties have mutually agreed to settle their disputes with regard to the Lawsuit and all underlying claims, including, but not limited to, all claims and allegations related to Bresko's former work relationship with Green Street;

NOW THEREFORE in consideration of the foregoing and the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged and deemed to be legally sufficient and intended as legally binding, the Parties hereby agree as follows:

1. <u>Compromise of Disputed Claims</u>. This Agreement constitutes a mutual compromise of disputed claims. This Agreement shall not constitute nor be construed as an admission of any liability or fault by any Party hereto, all such liability being expressly denied. This Agreement shall not be construed as an admission of the truth or correctness of any claim asserted by any Party.

2. <u>Release Payment</u>.

    (a) Green Street agrees to pay Bresko the sum of Eight Thousand Dollars and Zero Cents ($8,000.00) (the "Release Payment") as follows:

    (b) Green Street shall pay Bresko the gross sum of Two Thousand One Hundred Fifty Dollars and Zero Cents ($2,150.00), less required Maryland and Federal payroll deductions, representing a full and complete payment of any and all unpaid wages Bresko alleges he may be due arising out of his work relationship with Green Street. The Payment shall be made to the order of Andrew Bresko and be delivered to the law office of Zipin, Amster & Greenberg, LLC 836 Bonifant Street Silver Spring, Maryland 20910 on or before Monday April 6, 2015.

(c) Green Street shall pay Bresko the gross sum of Two Thousand One Hundred Fifty Dollars and Zero Cents ($2,150.00), with no payroll deductions, representing a full and complete payment of any and all non-wage liquidated or statutory damages Bresko alleges he may be due arising out of his work relationship with Green Street or otherwise available to Bresko in the Lawsuit. The Payment shall be made to the order of Andrew Bresko and be delivered to the law office of Zipin, Amster & Greenberg, LLC 836 Bonifant Street Silver Spring, Maryland 20910 on or before Monday April 6, 2015.

(d) Green Street shall pay Bresko's attorney's the sum of Three Thousand Seven Hundred Dollars ($3,700.00) representing a full and complete payment of any and all attorney's fees and costs incurred by Bresko related to Bresko's prosecution of claims against Green Street arising out of Bresko's allegations that he may be due compensation arising out of his work relationship with Green Street. The Payment shall be made to the order of Zipin, Amster & Greenberg, LLC and be delivered to the law office of Zipin, Amster & Greenberg, LLC 836 Bonifant Street Silver Spring, Maryland 20910 on or before Monday April 6, 2015.

3. Release and Waiver of Claims.

(a) As used in this Agreement, the term "Claims" will include all claims, covenants, warranties, promises, undertakings, actions, suits, causes of action, obligations, debts, accounts, attorneys' fees, judgments, losses and liabilities, of whatsoever kind or nature, in law, equity or otherwise.

(b) For and in consideration of the Release Payment described in paragraph 2 above, and other good and valuable consideration, Bresko, fully and forever releases, remises and discharges Green Street, and any other member of Green Street, together with its respective officers, directors, partners, shareholders, employees, agents, affiliates, corporate parents, subsidiaries, successors, and assigns (collectively, and with Green Street, the "Green Street Parties") from any and all Claims whatsoever from the beginning of time up to the Effective Date which Bresko had, may have had, or now has against the Green Street Parties, WHETHER KNOWN OR UNKNOWN, for or by reason of any matter, cause or thing whatsoever, including any Claim arising out of or attributable to Bresko's former work relationship with Green Street, whether for tort, breach of express or implied contract, quantum meruit, violation of the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment §§ 3-501 *et seq.*, restitution, intentional infliction of emotional distress, unjust dismissal, defamation, libel, slander, or possible discrimination Claims on whatever basis, including, without limitation, on the basis of race, religion, national origin, sexual orientation, or gender identification, including among others Claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Americans with Disabilities Act of 1990, as amended,

42 U.S.C. §§ 12101 *et seq.*, and any similar federal, state or local law relating to employment or employment discrimination. The Parties intend the release contained herein to be a general release of any and all Claims to the fullest extent permissible by law.

(c) By executing this Agreement, Green Street specifically releases all Claims against Bresko relating to his former work relationship with Green Street, including without limitation any and all Claims pertaining to breach of an express or implied contract arising from his former work relationship with Green Street or in connection with services rendered by him to Green Street.

(d) Bresko acknowledges and agrees that by virtue of the foregoing, Bresko has waived any relief available to his (including without limitation, monetary damages, equitable relief and reinstatement) under any of the Claims and/or causes of action waived in this Agreement. Therefore, Bresko agrees that he will not accept any award or settlement from any source or proceeding (including but not limited to any proceeding brought by any other person or by any government agency except Green Street) with respect to any Claim or right waived in this Agreement.

(e) Upon receipt of the Release Payment, and as a condition to receipt of the remainder of the Release Payment, Bresko shall cause the Lawsuit to be dismissed with prejudice with each party paying its or his own attorneys' fees and costs incurred.

4. <u>Severability</u>. If any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect. The illegality or unenforceability of such provision, however, shall have no effect upon and shall not impair the enforceability of any other provision of this Agreement.

5. <u>Non-Disparagement.</u> Each Party covenants and agrees that as of the Effective Date and at all times thereafter the Party shall not at any time make any disparaging or denigrating comments about the other Party or, if applicable, any of the other Party's employees, directors or officers, individually or collectively, orally or in writing. This subsection shall specifically ensure that Green Street shall provide a neutral reference, stating only Bresko's dates of employment and title(s) held, if this information is requested of it. Each Party covenants and agrees that as of the Effective Date any statements made orally or in writing by the Party pertaining to the other Party shall only be affirmative statements to reflect positively upon the other Party.

6. <u>Confidentiality</u>. The terms and conditions of this Agreement are and shall be deemed to be confidential, and shall not be disclosed to any person or entity without the prior written consent of the Parties, except if required by law, and to the Parties' accountants and/or attorneys, provided that, to the maximum extent permitted by applicable law, rule, code or regulation, they agree to maintain the confidentiality of the Agreement.

7. **Non-Admission.** Nothing contained in this Agreement will be deemed or construed as an admission of wrongdoing or liability on the part of Bresko or Green Street.

8. **Entire Agreement.** This Agreement constitutes the entire understanding and agreement of the Parties hereto regarding the Lawsuit. This Agreement supersedes all prior negotiations, discussions, correspondence, communications, understandings and agreements between the Parties relating to the subject matter of this Agreement.

9. **Governing Law; Waiver of Jury Trial.** EXCEPT WHERE PREEMPTED BY FEDERAL LAW, THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF MARYLAND, APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED IN THAT STATE. EACH PARTY TO THIS AGREEMENT HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING UNDER OR IN CONNECTION WITH THIS AGREEMENT.

10. **Breach of the Agreement.** In the event that either party breaches any covenant in this agreement, the opposite party shall have the right to immediately file suit in a court of competent jurisdiction to prosecute the claim for breach against the breaching party. The prevailing party in any such action for breach shall be entitled to recover any and all economic or/or equitable relief available as well as all reasonable attorney's fees and costs associated with the prosecution or defense of the claim.

11. **Form of Signature on Agreement:** The parties agree that copies and facsimiles of this agreement shall have the same full and binding effect as any original copy of this agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

Green Street Environmental, LLC

By: _____

Name: _____

Title: _____

Andrew Bresko

By: /s/ _____
Name: Andrew Bresko, individually